RIC GABBERT v. CHIRO PLUS CHIROPRACTIC CENTER, P.C., et al.

Maricopa County Superior Court Case No. CV2011-051861

INDEX TO ATTACHMENTS TO NOTICE OF REMOVAL

| 1. | COMPLAINT |
|---|---|
| 2. | SUMMONS |
| 3. | CERTIFICATE OF COMPULSORY ARBITRATION |
| | |

U:\ATTORNEYS\DSC\Harty\INDEX TO ATTACHMENTS TO NOTICE OF REMOVAL.doc

# Exhibit 1

Michelle R. Matheson #019568
mmatheson@mathesonlegal.com
Matthew E. Walls #026523
mwalls@mathesonlegal.com
MATHESON & MATHESON, P.L.C.
14358 N. Frank Lloyd Wright Blvd.
Suite 11
Scottsdale, Arizona 85260
(480) 889-8951
Attorneys for Plaintiff

COPY
MAR 01 2011

SUPERIOR COURT OF ARIZONA, MARICOPA COUNTY

| | |
|---|---|
| RIC GABBERT, a married man, | Case No.: |
| Plaintiff, | CV2011-051861 |
| v. | **COMPLAINT** <br> (Jury Trial Requested) |
| CHIRO PLUS CHIROPRACTIC CENTER, P.C., an administratively dissolved domestic corporation, FIRST MEDICAL PLUS FAMILY PRACTICE, INC, a domestic corporation, BODYAZ AESTHETIC MEDSPA, LLC, a domestic limited liability company, and DR. MATTHEW B. HARTY, an unmarried man, | |
| Defendants. | |

Plaintiff Ric Gabbert, for his Complaint, alleges as follows:

1. Plaintiff Ric Gabbert ("Gabbert") is currently and at all times relevant to this action a resident of Maricopa County, Arizona. During the three year period prior to filing this Complaint ("the Claim Period"), Defendant Gabbert performed labor services for Defendants but was not compensated appropriately under the Fair Labor Standards Acts, 29 U.S.C. §§ 201-219 (hereinafter "FLSA").

-1-

2. Defendant Chiro Plus Chiropractic Center, P.C. ("Chiro Plus") is an administratively dissolved domestic corporation located in Maricopa County.

3. Defendant First Medical Plus Family Practice, Inc ("First Medical") is a corporation located in Maricopa County and registered to do business in the State of Arizona.

4. Defendant BodyAZ Aethetic MedSpa, LLC ("BodyAZ") is a domestic limited liability company located in Maricopa County and registered to do business in the State of Arizona.

5. Defendant Dr. Matthew B. Harty ("Harty") is a resident of Maricopa County, Arizona. At all times relevant to this action Defendant Harty owned a majority interest in Chiro Plus, First Medical and BodyAZ. Defendant Harty, as President/Chief Executive Officer and Director of Chiro Plus, exercised significant economic control over Chiro Plus, and was responsible for classifying Plaintiff as exempt or non-exempt under the FLSA. Defendant Harty, as President/Chief Executive Officer, Secretary and Director of First Medical, exercised significant economic control over First Medical, and was responsible for classifying Plaintiff as exempt or non-exempt under the FLSA. Defendant Harty, as Member-Manager of BodyAZ, exercised significant economic control over BodyAZ, and was responsible for classifying Plaintiff as exempt or non-exempt under the FLSA. Defendant Harty is therefore an "employer" subject to individual liability under the FLSA.

6. The events giving rise to these causes of action occurred in Maricopa County, Arizona. Defendants' primary place of business is within the jurisdiction of this

Court.

7. This Court has jurisdiction and venue over the subject matter and the parties hereto pursuant to A.R.S. §§ 12-123 and 12-401.

## COUNT ONE
### (Failure to Properly Pay Overtime Wages in Violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 Against All Defendants)

8. Plaintiff incorporates by reference the allegations above. In support of his Complaint for unpaid overtime wages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, he alleges as follows:

9. During the Claim Period, Plaintiff was employed by Defendants. At all times relevant to this action, Plaintiff was a covered "employee" and Defendants were Plaintiff's "employer" as those terms are defined by the FLSA.

10. At all times during the Claim Period, Defendant Chiro Plus was a covered "Enterprise engaged in commerce or in the production of goods for commerce" as that term is defined by the FLSA.

11. At all times during the Claim Period, Defendant First Medical was a covered "Enterprise engaged in commerce or in the production of goods for commerce" as that term is defined by the FLSA.

12. At all times during the Claim Period, Defendant BodyAZ was a covered "Enterprise engaged in commerce or in the production of goods for commerce" as that term is defined by the FLSA.

13. During the Claim Period, Plaintiff performed work for ChiroPlus, First Medical and BodyAZ. These Defendants are involved in related activities through

unified operation or common control for a common business purpose. As such, Defendants ChiroPlus, First Medical and BodyAZ are a single enterprise as that term is defined by the FLSA.

14. Defendant Harty, in his positions with ChiroPlus, First Medical and BodyAZ, exercised control over the nature and structure of the employment relationship with Plaintiff

15. Plaintiff was required to regularly work in excess of 45 hours per week. Plaintiff performed work in excess of 45 hours per week for ChiroPlus, First Medical and BodyAZ or for any single entity or combination of the three entities. Plaintiff was initially paid a base salary of $36,000.00 for his services. On or about November 1, 2008, Defendants unilaterally changed Plaintiff's compensation from salary to hourly and required Plaintiff to work a 45 hour workweek. At all times during Plaintiff's employment, Defendants failed to compensate Plaintiff in full for time worked in excess of 40 hours per week in violation of the FLSA.

16. ChiroPlus, First Medical and BodyAZ are joint employers of Plaintiff as that term is defined under 29 C.F.R. § 791 as all three entities are not completely disassociated with respect to the employment of Plaintiff and are under the common control of Defendant Harty through his positions as President/CEO of ChiroPlus and First Medical and Member-Manager of BodyAZ.

17. Defendants knew that they were subject to the requirements of the FLSA.

18. Defendants knew or showed reckless disregard that the duties performed by Plaintiff were non-exempt duties under the FLSA and/or that the method by which

-4-

Plaintiff was compensated failed to qualify for any exemption under the FLSA.

19. Defendants nonetheless classified Plaintiff as "exempt" in an intentional effort to avoid additional overtime compensation due him under the FLSA.

20. At all times during the Claim Period, Plaintiff was a nonexempt employee under the FLSA.

21. During the Claim Period, Defendants failed to comply with Title 29 U.S.C. §§ 201-219 in that Plaintiff often worked in excess of the agreed upon 45 hours per week, but was not paid for those excess hours at the compensation rate required by the FLSA.

22. Defendants' failure to pay overtime compensation to Plaintiff was willful. Defendants did not act in good faith in failing to pay overtime wages due.

23. Plaintiff has suffered economic damages as a result of Defendants' unlawful compensation practice and is entitled to statutory remedies provided pursuant to the FLSA, including but not limited to, unpaid overtime compensation, liquidated damages, pre and post judgment interest, attorneys' fees and costs.

24. Defendants are liable, both individually and jointly, for violations of the FLSA.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

## REQUESTED RELIEF

WHEREFORE, Plaintiff requests:

I. Count One

     A.     For the Court to declare and find that the Defendants committed one or more of the following acts:

          i.     Violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime wages to Plaintiff; and

          ii.    Willfully violated overtime provisions of the FLSA, 29 U.S.C. § 207;

     B.     For the Court to award damages, including liquidated damages pursuant to 29 U.S.C. § 216(b);

     C.     For the Court to award Plaintiff his reasonable attorneys' fees and costs;

     D.     For the Court to award pre-judgment interest on all compensation due, accruing from the date such amounts were due, and post-judgment interest; and

     E.     For the Court to award such other monetary, injunctive, equitable and declaratory relief as the Court deems just and proper.

Dated this 1st day of March, 2011.

*/s/ Matthew E. Walls*

Michelle R. Matheson #019568
Matthew E. Walls #026523
MATHESON & MATHESON, P.L.C.
14358 N. Frank Lloyd Wright Blvd.
Suite 11
Scottsdale, Arizona 85260
(480) 889-8951
Attorneys for Plaintiff

# Exhibit 2

285-5100

| | |
|---|---|
| 1 | Michelle R. Matheson #019568 |
| | mmatheson@mathesonlegal.com |
| 2 | Matthew E. Walls #026523 |
| | mwalls@mathesonlegal.com |
| 3 | MATHESON & MATHESON, P.L.C. |
| | 14358 N. Frank Lloyd Wright Blvd. |
| 4 | Suite 11 |
| | Scottsdale, Arizona 85260 |
| 5 | (480) 889-8951 |
| | Attorneys for Plaintiff |
| 6 | |

SUPERIOR COURT OF ARIZONA, MARICOPA COUNTY

RIC GABBERT, a married man,      ) Case No.: CV2011-051861
                                 )
        Plaintiff,                )
                                 )
v.                                ) **SUMMONS**
                                 )
CHIRO PLUS CHIROPRACTIC           )
CENTER, P.C., an administratively )
dissolved domestic corporation, FIRST )
MEDICAL PLUS FAMILY PRACTICE,     )
INC, a domestic corporation, BODYAZ )
AESTHETIC MEDSPA, LLC, a domestic )
limited liability company, and DR. )
MATTHEW B. HARTY, an unmarried    )
man,                              )
                                 )
        Defendants.               )
                                 )

**THE STATE OF ARIZONA TO THE DEFENDANTS:**

**DR. MATTHEW B. HARTY, individually, and on behalf of CHIRO PLUS CHIROPRACTIC CENTER, P.C.; FIRST MEDICAL PLUS FAMILY PRACTICE, INC.; and BODYAZ AESTHETIC MEDSPA, LLC**
**4222 N. 12TH STREET #101-103**
**PHOENIX, ARIZONA 85014**

YOU ARE HEREBY SUMMONED and required to appear and defend, within the time applicable, in this action in this Court. If served within Arizona, you shall appear and defend within 20 days after the service of the Summons and Complaint upon you,

-1-

exclusive of the day of service. If served out of the State of Arizona – whether by direct service, by registered or certified mail, or by publication – you shall appear and defend within 30 days after the service of the Summons and Complaint upon you is complete, exclusive of the day of service. Where process is served upon the Arizona Director of Insurance as an insurer's attorney to receive service of legal process against it in this state, the insurer shall not be required to appear, answer or plead until the expiration of 40 days after date of such service upon the Director. Served by registered or certified mail without the State of Arizona is complete 30 days after the date of filing the receipt and affidavit of service with the Court. Service by publication is complete 30 days after the date of first publication. Direct service is complete when made. Service upon the Arizona Motor Vehicle Superintendent is complete 30 days after filing the Affidavit of Compliance and return receipt or Officer's Return. **RCP 4; A.R.S. §§ 20-222, 28-502, 28-503**.

YOU ARE HEREBY NOTIFIED that in case of your failure to appear and defend within the time applicable, judgment by default may be rendered against you for the relief demanded in the Complaint.

YOU ARE CAUTIONED that in order to appear and defend, you must file an Answer or proper response in writing with the Clerk of this Court, accompanied by the necessary filing fee, within the time required, and you are required to serve a copy of any Answer or response upon the Plaintiff's attorney. **RCP 10(d); A.R.S. § 12-311; RCP 5**.

REQUESTS FOR REASONABLE ACCOMMODATION FOR PERSONS WITH DISABILITIES MUST BE MADE TO THE DIVISION ASSIGNED TO THE CASE BY PARTIES AT LEAST THREE (3) JUDICIAL DAYS IN ADVANCE OF A SCHEDULED COURT PROCEEDING. **Maricopa County Local Rule 2.6, effective October 1, 1994**.

The name and address of Plaintiffs' attorney is:

**Michelle R. Matheson, Esq**
**Matheson & Matheson, P.L.C.**
**14358 N. Frank Lloyd Wright Blvd., Suite 11**
**Scottsdale, Arizona 85260**
**(480) 889-8951**

GIVEN UNDER MY HAND this date: _____ MAR 01 2011

MICHAEL JEANES, Clerk of the Superior Court

By _____
   Deputy Clerk

-2-

# Exhibit 3

Michelle R. Matheson #019568
mmatheson@mathesonlegal.com
Matthew E. Walls #026523
mwalls@mathesonlegal.com
MATHESON & MATHESON, P.L.C.
14358 N. Frank Lloyd Wright Blvd.
Suite 11
Scottsdale, Arizona 85260
(480) 889-8951

Attorneys for Plaintiff

COPY

MAR 01 2011

MICHAEL K. JEANES, CLERK
S. SEELEY
DEPUTY CLERK

SUPERIOR COURT OF ARIZONA, MARICOPA COUNTY

RIC GABBERT, a married man,

Plaintiff,

v.

CHIRO PLUS CHIROPRACTIC CENTER, P.C., an administratively dissolved domestic corporation, FIRST MEDICAL PLUS FAMILY PRACTICE, INC, a domestic corporation, BODYAZ AESTHETIC MEDSPA, LLC, a domestic limited liability company, and DR. MATTHEW B. HARTY, an unmarried man,

Defendants.

Case No.: CV2011-051961

**CERTIFICATE REGARDING COMPULSORY ARBITRATION**

The undersigned certifies that they know the dollar limits and any other limitations set forth by the local rules of practice for the applicable superior court, and further certifies that this case is within the jurisdictional limit for compulsory arbitration and is not subject to compulsory arbitration, as provided by Rules 72 through 76 of the

-1-

Arizona Rules of Civil Procedure.

Dated this 1st day of March, 2011.

*/s/ Michelle R. Matheson*

Michelle R. Matheson  #019568
Matthew E. Walls #026523
MATHESON & MATHESON, P.L.C.
14358 N. Frank Lloyd Wright Blvd.
Suite 11
Scottsdale, Arizona 85260
(480) 889-8951
Attorneys for Plaintiff